WAYNE VILLAGE TENANTS' ASSOCIATION AND LEONARD BENNETT, INDIVIDUALLY AND AS A REPRESENTATIVE OF MEMBERS OF A CLASS, PLAINTIFFS-RESPONDENTS, v. WAYNE VILLAGE, A CORPORATION OF THE STATE OF NEW JERSEY, AND JAMES QUARRY AND EVELYN QUARRY, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Submitted March 6, 1972—Decided March 27, 1972.

Before Judges COLLESTER, MINTZ and LYNCH.

· *Messrs. Cole, Geaney and Yamner,* attorneys for appellants (*Mr. Morris Yamner,* of counsel).

*Messrs. Jeffer, Walter, Tierney, DeKorte, Hopkinson & Vogel,* attorneys for respondents (*Mr. Jerome A. Vogel,* of counsel and on the brief).

PER CURIAM. On the return day of the order to show cause, the parties agreed that the matters in issue be considered presented as cross-motions for summary judgment.

Plaintiffs challenge the validity of the provision in the leases for the respective apartments which provides that "If any rent increase is allowed by governmental authorities having jurisdiction, tenant agrees to pay such increase from date granted." The project was financed by an insured mortgage loan made by Federal Housing Authority (F.H.A.)

Wayne Village, owner of the garden apartment complex, submitted a formal request to the Department of Housing and Urban Development (under whose jurisdiction the F.H.A. falls) for an increase in rentals based on an increase in cost of operation, maintenance and taxes. The request was accompanied by a certified financial statement for the year ending December 31, 1969, including required profit and loss and project expense accounts. Formal approval for rental increases was granted on July 22, 1970. The tenants were notified that the permitted increases would become effective on September 1, 1970.

Plaintiffs allege in their complaint that they requested, but were refused, copies of the data furnished the governmental agency upon which the increases were allowed. They further allege that the increase in rentals was effected without notice and an opportunity to be heard, and therefore violative of due process of law.

The trial court denied plaintiffs' motion for summary judgment but granted defendants' motion for summary judgment upon the following terms and conditions:

2. * * *

(a) Defendant submit itself to complete discovery referable to the basis upon which it applies to the Federal Housing Authority (FHA) for a rental increase so as to afford plaintiff an opportunity to determine whether or not it wishes to assert a cause of action by way of amended complaint in this cause against defendant based upon tortious or fraudulent conduct which induced action by the FHA which action in turn had its impact upon and damaged plaintiffs.

(b) Discovery is hereby extended for a period of 45 days and plaintiff, if it so desires, shall file its amended complaint on or before June 1, 1971.

(c) That hereinafter, before defendant, Wayne Village, can apply to the FHA for a rental increase, it shall forward to each tenant at least 30 days prior to such application the precise factual foundation upon which the same is predicated.

3. All tenants who executed leases subsequent to the FHA approved increase contested herein are not affected thereby, and are remitted to such rental as they paid prior thereto.

Defendant appeals contending that the trial court erred in imposing the aforementioned terms and conditions. Plaintiffs did not cross appeal.

█ Initially, we note that the former bill for discovery has become obsolete. *Lippmann v. Hydro-Space Technology, Inc.*, 77 *N. J. Super.* 497 (App. Div. 1962).

█ In *Langevin v. Chenango Court, Inc.*, 447 *F.* 2d 296 (2 Cir. 1971) the court indicated that although there are countervailing considerations, it may be desirable for the F.H.A. to require the landlord to inform tenants of an application for an increase in rentals and to direct him to make the data which he submits to the F.H.A. available for tenants' inspection, and to then submit a brief informal statement indicating the reasons for granting approval. Nevertheless, as *Langevin* says, such a procedure is not mandated by any relevant statute or by the due process clause of the Fifth Amendment. See also *Hahn v. Gottlieb*, 430 *F.* 2d 1243 (1 Cir. 1970); *Fieger v. Glen Oaks Village*, 309 *N. Y.* 527, 132 *N. E.* 2d 492 (Ct. App. 1956); *Choy v. Farragut Gardens*, 131 *F. Supp.* 609 (S. D. N. Y. 1955); *Brookchester Community Ass'n v. Brookchester, Inc.*, 43 *N. J. Super.* 35 (App. Div. 1956), certif. den. 23 *N. J.*

578 (1957); *Brinkmann v. Urban Realty Co.,* 10 *N. J.* 113 (1952) is inapposite.

Accordingly, we find no basis in law for the imposition of terms and conditions 2 (a), (b) and (c), and they are hereby stricken.

██ We are mindful of the fact that the fourth count in the complaint alleges that Wayne Village demanded increases under said provision in the lease from a number of tenants who executed leases subsequent to the increases granted by the governmental authority. As to them it is asserted that defendant has unclean hands and is estopped from demanding said increases. As already noted, the F.H.A. granted the rent increases on July 22, 1970. The tenants were notified of such increases on July 27, 1970. The estoppel urged by plaintiffs could be invoked only as to those tenants who executed leases between July 22, 1970 and July 27, 1970, *i. e.,* before they were notified of the increases which had been allowed. The record does not support a finding that any tenant executed such a lease during that interim period. Accordingly, the terms and conditions set forth in the aforementioned paragraph 3 are likewise stricken.